## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| TQP DEVELOPMENT, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> CHRYSLER GROUP LLC, <br><br> *Defendant.* | Civil Action No.  2:13-cv-219-JRG-RSP <br><br> JURY TRIAL DEMANDED |

## TQP DEVELOPMENT, LLC'S ANSWER TO

## DEFENDANT TWITTER, INC.'S COUNTERCLAIMS

Plaintiff, TQP Development, LLC ("TQP"), answers the Counterclaims of Defendant Twitter, Inc. ("Defendant") (Dkt. No. 52) filed August 30, 2013, by corresponding paragraph number as follows:

### THE PARTIES

1.       Admitted.

2.       Admitted.

### JURISDICTION

3.       Admitted

4.       TQP admits that Defendant's counterclaims purport to state claims for a declaration of non-infringement, unenforceability and invalidity of U.S. Patent No. 5,412,730 (the '730 patent).  TQP admits that an actual controversy exists regarding Defendant's infringement of the '730 patent.  Except as so admitted, TQP denies the remaining allegations in paragraph 4.

5.       TQP admits that this Court has subject matter over TQP's claims against Defendant.  TQP further admits that Defendant's counterclaims purport to arise under 28 U.S.C.

1331, 1338, 2201 and 2202.  Except as so admitted, TQP denies the remaining allegations in paragraph 5.

6.      TQP admits that venue is proper in this district concerning Defendant's infringement of the '730 patent.  Except as so admitted, TQP denies the remaining allegations in paragraph 6.

## COUNT ONE

## DECLARATION OF NON-INFRINGEMENT OF THE '730 PATENT

7.      TQP incorporates paragraphs 1 through 6 above as if set forth fully herein.

8.      Denied.

9.      Admitted.

10.     Admitted.

11.     TQP admits that Exhibit A speaks for itself.  Except as so admitted, TQP denies the remaining allegations in paragraph 11.

12.     TQP admits that Exhibit A speaks for itself.  Except as so admitted, TQP denies the remaining allegations in paragraph 12.

### No Liability Could Result from Any Divided Infringement

13.     TQP admits that the allegations of its complaint speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 13.

14.     Paragraph 14 is a purported statement of law to which no response is required.  To the extent a response is required, TQP denies the allegations of paragraph 14.

15.     TQP admits that the allegations of its complaint speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 15.

16.     TQP admits that the allegations of its complaint speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 16.

17.     TQP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 17, and on that basis denies the allegations.

18.     TQP admits that the allegations of its complaint speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 18.

19.     TQP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19, and on that basis denies the allegations.

20.     TQP admits that it produced the document attached as Exhibit E to the Counterclaims in litigation and that its contents speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 20.

21.     TQP admits that it produced the documents attached as Exhibits B-D to the Counterclaims in litigation and that their contents speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 21.

22.     TQP admits that Exhibits B-E to the Counterclaims speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 22.

23.     TQP admits that its Response to Defendant LinkedIn's Motion to Dismiss Amended Complaint For Failure to State a Claim and Motion to Strike (Case No. 12-cv-191, Dkt. No. 25) speaks for itself.  Except as so admitted, TQP denies the remaining allegations in paragraph 23.

24.     TQP admits that its Response to Defendant LinkedIn's Motion to Dismiss Amended Complaint For Failure to State a Claim and Motion to Strike (Case No. 12-cv-191, Dkt. No. 25) speaks for itself.  Except as so admitted, TQP denies the remaining allegations in paragraph 24.

25.     TQP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25, and on that basis denies the allegations.

26.     TQP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 26, and on that basis denies the allegations.

27.     TQP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 27, and on that basis denies the allegations.

**No Seed Value Provided**

28.     TQP admits that the claims of the '730 patent speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 28

29.     TQP admits that the allegations of its complaint speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 29.

30.     TQP admits that the allegations of its complaint speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 30.

31.     TQP admits that the allegations of its complaint speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 31.

32.     TQP admits that the allegations of its complaint speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 32.

33.     TQP admits that the allegations of its complaint speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 33.

34.     TQP admits that the allegations of its complaint speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 34.

35.     TQP admits that the SSL/TLS protocols speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 35.

36.     TQP admits that the SSL/TLS protocols speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 36.

37.     TQP admits that the SSL/TLS protocols speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 37.

38.     TQP admits that the SSL/TLS protocols speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 38.

39.     TQP admits that the SSL/TLS protocols speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 39.

40.     TQP admits that the SSL/TLS protocols speak for themselves.  Except as so

admitted, TQP denies the remaining allegations in paragraph 40.

41.     TQP admits that the SSL/TLS protocols speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 41.

42.     TQP admits that the SSL/TLS protocols speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 42.

43.     TQP admits that the SSL/TLS protocols speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 43.

44.     TQP admits that the SSL/TLS protocols speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 44.

45.     TQP admits that the SSL/TLS protocols speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 45.

46.     TQP admits that the SSL/TLS protocols speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 46.

47.     TQP admits that the SSL/TLS protocols speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 47.

48.     TQP admits that the SSL/TLS protocols speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 48.

49.     TQP admits that the SSL/TLS protocols speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 49.

50.     TQP admits that the SSL/TLS protocols speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 50.

51.     TQP admits that the SSL/TLS protocols speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 51.

52.     TQP admits that the SSL/TLS protocols speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 52.

53.     TQP admits that the allegations of its complaint speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 53.

54.     TQP admits that the allegations of its complaint speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 54.

## New Key Values Not Produced Each Time A Predetermined
## Number of Blocks Are Transmitted

55.     Denied.

56.     TQP admits that the Court's prior claim construction orders speak for themselves. Except as so admitted, TQP denies the remaining allegations in paragraph 56.

57.     TQP admits that the Court's prior claim construction orders speak for themselves. Except as so admitted, TQP denies the remaining allegations in paragraph 57.

58.     Denied.

59.     Denied.

60.     Denied.

61.     TQP admits that its infringement allegations speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 61.

62.     TQP admits that its infringement allegations against Intuit, Inc. speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 62.

63.     TQP admits that its infringement allegations against Intuit, Inc. speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 63.

64.     TQP admits that its infringement allegations against Intuit, Inc. speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 64.

65.     TQP admits that its infringement allegations against Intuit, Inc. speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 65.

66.     Denied.

67.     Admitted.

68.     TQP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 68, and on that basis denies the allegations.

69.     TQP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 69, and on that basis denies the allegations.

70.     TQP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 70, and on that basis denies the allegations.

71.     TQP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 71, and on that basis denies the allegations.

72.     TQP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 72, and on that basis denies the allegations.

73.     TQP admits that the contents of its expert reports proffered in prior litigations speak for themselves.  Except as so admitted, TQP denies the remaining allegations of paragraph 73.

74.     TQP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 74, and on that basis denies the allegations.

75.     TQP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 75, and on that basis denies the allegations.

76.     TQP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 76, and on that basis denies the allegations.

77.     TQP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 77, and on that basis denies the allegations.

78.     TQP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 78, and on that basis denies the allegations.

79.     TQP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 79, and on that basis denies the allegations.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    TQP admits that its infringement contentions speak for itself.  Except as so admitted, TQP denies the allegations of paragraph 88.

89.    TQP admits that the contents of its expert reports in prior litigations speak for themselves.  Except as so admitted, TQP denies the allegations of paragraph 89.

90.    TQP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 90, and on that basis denies the allegations.

91.    TQP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 91, and on that basis denies the allegations.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied.

## COUNT TWO

## DECLARATION OF INVALIDITY OF THE '730 PATENT AND "EX PARTE REEXAMINATION CERTIFICATE (8548th)" FOR THE '730 PATENT.

100.    TQP incorporates paragraphs 1 through 59 above as if set forth fully herein.

101.    TQP admits that Defendant's Counterclaims purport to state claims for a declaration of invalidity of U.S. Patent No. 5,412,730 (the '730 patent) and the '730 RX

Certificate.  TQP denies that such relief is appropriate.    Except as so admitted, TQP denies the remaining allegations in paragraph 101.

102.    TQP admits that the allegations of its complaint speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 102.

### Prior Art and Section 112

103.    TQP admits that the SSL and TLS standards speak for themselves.  Except as so admitted, TQP denies the remaining allegations of paragraph 103.

104.    TQP admits that the allegations of its complaint speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 104.

105.    TQP admits that the allegations of its complaint speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 105.

106.    TQP admits that any purported publications referenced in paragraph 106 speak for themselves.  Except as so admitted, TQP denies the allegations in paragraph 106.

107.    TQP admits that any purported publications referenced in paragraph 107 speak for themselves.  Except as so admitted, TQP denies the allegations in paragraph 107.

108.    TQP admits that the Denning publication speaks for itself.  Except as so admitted, TQP denies the allegations in paragraph 108.

109.    TQP admits that any purported publications referenced in paragraph 109 speak for themselves.  Except as so admitted, TQP denies the allegations in paragraph 109.

110.    TQP admits that any purported publications referenced in paragraph 110 speak for themselves.  Except as so admitted, TQP denies the allegations in paragraph 110.

111.    TQP admits that any purported evidence referenced in paragraph 111 speaks for itself.  Except as so admitted, TQP denies the allegations in paragraph 111.

112.    TQP admits that any purported evidence referenced in paragraph 112 speaks for itself.  Except as so admitted, TQP denies the allegations in paragraph 112.

113.    Denied.

114.    TQP admits that the '730 patent speaks for itself.  Except as so admitted, TPQ

denies the remaining allegations of paragraph 114.

115.    TQP admits that the '730 RX Certificate speaks for itself.  Except as so admitted,

TPQ denies the remaining allegations of paragraph 114.

116.    Denied.

## Unpatentable Subject Matter

117.    Denied.

118.    TQP admits that the content of its claim construction briefing to this Court speaks

for itself.  Except as so admitted, TQP denies the remaining allegations in paragraph 118.

119.    TQP admits that the content of its claim construction briefing to this Court speaks

for itself.  Except as so admitted, TQP denies the remaining allegations in paragraph 119.

120.    Paragraph 120 is a purported statement of law to which no response is required.

To the extent a response is required, TQP denies the allegations of paragraph 120.

121.    TQP admits that the content of claim construction briefing by Defendants in prior

litigation peaks for itself.  Except as so admitted, TQP denies the remaining allegations in

paragraph 121.

122.    TQP admits that the '730 patent and '730 RX Certificate speak for themselves.

Except as so admitted, TQP denies the remaining allegations in paragraph 122.

123.    TQP admits that the '730 patent and '730 RX Certificate speak for themselves.

Except as so admitted, TQP denies the remaining allegations in paragraph 123.

124.    Denied.

125.    Denied.

## COUNT THREE

## UNENFORCEABILITY DUE TO UNCLEAN HANDS AND INEQUITABLE CONDUCT

126.    TQP incorporates paragraphs 1 through 125 above as if set forth fully herein.

127.    Denied.

**Improper Arrangement With Fact Witness**

128.     Denied.

129.      TQP admits that Mr. Jones may have knowledge of facts relevant to this litigation.  Except as so admitted, TQP denies the allegations of paragraph 129.

130.     TQP admits that its agreement with Mr. Jones was executed after service of the subpoena, but was the result of negotiations that commenced over one year prior to the service date.  Except as so admitted, TQP denies the allegations of paragraph 130.

131.     TQP admits that Mr. Jones' deposition was continued from the date set in the subpoena with the agreement of the defendant.  Except as so admitted, TQP denies the remaining allegations in paragraph 1313.

132.     Denied.

133.     TQP admits the United States circuit judge's opinion speaks for itself.  Except as so admitted, TQP denies the remaining allegations in paragraph 88.

134.     Denied.

135.     Denied.

136.     Denied.

137.     Denied.

138.     Denied.

139.     Denied.

**Improper Conduct Before The Patent Office**

140.     Denied.

141.     Denied.

142.     Denied.

143.     Denied.

144.     Denied.

145.     TQP admits that the contents of what was disclosed to the Patent Examiner speak

for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 145.

146.     TQP admits that the Examiner's notes during the prosecution of the '730 patent speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 146.

147.     Denied.

148.     TQP admits that the Examiner's notes during the prosecution of the '730 RX certificate speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 148.

149.     TQP admits that the Examiner's notes during the prosecution of the '730 RX certificate speak for themselves.  Except as so admitted, TQP denies the remaining allegations in paragraph 149.

150.     Denied.

151.     Denied.

### Improper Litigation Tactics and Conduct

152.     Denied.

153.     Denied.

154.     Denied.

155.     TQP admits that its agreement with F5 speaks for itself.  Except as so admitted, TQP denies the remaining allegations in paragraph 155.

156.     Denied.

157.     Denied.

158.     TQP admits that 35 U.S.C.  271(a) speaks for itself.  Except as so admitted, TQP denies the remaining allegations in paragraph 158.

159.     TQP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 159, and on that basis denies the allegations.

160.     Denied.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied.

## EXCEPTIONAL CASE

165.    Denied.

## DEMAND FOR JURY TRIAL

Defendant's Prayer for Relief is an averment to which no responsive pleading is required pursuant to Federal Rule of Civil Procedure 8(b) and is therefore denied.

## PRAYER FOR RELIEF

Defendant's Prayer for Relief is an averment to which no responsive pleading is required pursuant to Federal Rule of Civil Procedure 8(b) and is therefore denied.

Dated: September 26, 2013

Respectfully Submitted,

By: /s/ *Paul A. Kroeger*
Paul Kroeger

Marc A. Fenster, CA Bar No. 181067
E-mail: mfenster@raklaw.com
Adam S. Hoffman, CA Bar No. 218740
E-mail: ahoffman@raklaw.com
Alexander C. Giza, CA Bar No. 212327
E-mail: agiza@raklaw.com
Paul A. Kroeger, CA Bar No. 229074
E-mail: pkroeger@raklaw.com
**RUSS, AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone:     310/826-7474
Facsimile:      310/826-6991

Andrew W. Spangler, TX Bar No. 24041960
E-mail: spangler@spanglerlawpc.com

**SPANGLER LAW P.C.**
208 N. Green Street, Suite 300
Longview, Texas 75601
Telephone:     903/753-9300
Facsimile:     903/553-0403

**Attorneys for Plaintiff**
**TQP DEVELOPMENT, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile, and/or first class mail on this 26th day of September, 2013.

/s/     *Paul A. Kroeger*
Paul A. Kroeger