**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| TQP DEVELOPMENT, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 2:12-CV-180-WCB |
| | § | |
| | § | |
| INTUIT INC., | § | |
| | § | |
| *Defendant*. | § | |

| | | |
|---|---|---|
| TQP DEVELOPMENT, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 2:13-CV-219-WCB |
| | § | |
| | § | |
| CHRYSLER GROUP LLC, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the Defendants' Motion to Dismiss Pursuant to Settlement Agreements in TQP Development, LLC v. Intuit, Inc., No. 2:12-cv-180 (Dkt. No. 194), the plaintiff's Cross-Motion to Enforce Settlement Agreement in that case (Dkt. No. 197), the Defendants' Motion to Dismiss Pursuant to Settlement Agreement in TQP Development, LLC v. Chrysler Group LLC, No. 2:13-cv-219 (Dkt. No. 176), and the plaintiff's Cross-Motion to

Enforce Settlement Agreement in that case (Dkt. No. 178). The Court GRANTS the defendants' motions to dismiss pursuant to settlement agreement in both cases and DENIES the plaintiff's cross-motions to enforce the settlement agreement in both cases.

On June 20, 2014, the Court granted summary judgment of noninfringement to the defendants in TQP Development, LLC v. Intuit, Inc., No. 2:12-cv-180 (Dkt. No. 192). On June 26, the defendants in the Intuit case filed their motion to dismiss the action pursuant to a settlement agreement with the plaintiff, TQP Development, LLC. The defendants in TQP Development, LLC v. Chrysler Group LLC, No. 2:13-cv-219, filed a parallel motion to dismiss on the same day.

In their motions, the defendants asserted that under the settlement agreements that they entered into with TQP, TQP was obligated to seek a stipulated dismissal with prejudice of all claims and counterclaims because the Court had granted one of the defendants' dispositive motions, i.e., their noninfringement motion. TQP opposed the motions to dismiss and cross-moved for enforcement of the provisions of the settlement agreements under which the defendants were required to pay TQP a set amount if the Court denied all of a specified set of summary judgment motions.

TQP's position is that the Court's grant of summary judgment of noninfringement did not correspond to the particular motion for summary judgment of noninfringement specified in the settlement agreements. According to TQP, the Court actually denied the summary judgment motion specified in the settlement agreements and granted a different motion that was not specified in the settlement agreements. In TQP's view, the defendants are therefore obligated to

pay TQP the amount set forth under the settlement agreements because all of the dispositive motions specified in the agreements were denied.

## I. Background

Defendants Intuit Inc., LinkedIn Corporation, Twitter, Inc., and Yelp Inc., (collectively "the Intuit defendants") entered into a joint settlement agreement with TQP; Defendant The Hertz Corporation entered into another similar settlement agreement with TQP.[1] The settlement agreement between the Intuit defendants and TQP provided, in relevant part, that if the Court granted any one of five enumerated dispositive motions for summary judgment, the parties would seek a stipulated dismissal with prejudice of all claims and counterclaims in the case. See Dkt. No. 194-1 §§ 1, 3.1-3.2. If, however, the Court denied all of the enumerated summary judgment motions, the Intuit defendants would make a settlement payment to TQP, after which the parties would seek a stipulated dismissal. See id. §§ 1, 3.1-3.2. The settlement agreement between Hertz and TQP contained similar provisions that, except as discussed below, are not materially different from the terms of the Intuit agreement. See Dkt. No. 194-2, at 2, 7.

Among the summary judgment motions enumerated in the settlement agreements was the defendants' motion for summary judgment of noninfringment (Dkt. No. 118). That motion was filed in light of the then-existing and purportedly agreed-upon construction of the key claim limitation in this case: the "a new one of said key values" limitation. See Dkt. No. 192 (summary judgment order). After the Markman hearing, the Court concluded that, despite their putative agreement on the construction of the claim, the parties were actually in disagreement

---

[1] LinkedIn, Twitter, and Yelp, are all defendants in TQP Development, LLC v. Chrysler Group, LLC, No. 2:13-cv-219. Intuit and Hertz are defendants in TQP Development, LLC v. Intuit, Inc., No. 2:12-cv-180

over what that construction meant. The Court therefore directed the parties to file supplemental claim construction briefing to address the "a new one of said key values" limitation. Dkt. No. 145. In so doing, the Court stated that "[f]ollowing receipt of those filings, the court will determine whether additional briefing is necessary to decide the issue of summary judgment or whether that issue can be decided without any further briefing." Id. at 6-7.

After the parties submitted their supplemental briefs, the Court issued an order construing the "a new one of said key values" limitation. Dkt. No. 152. The Court rejected the defendants' proposed construction and adopted a new construction that was more favorable to TQP's position than even the prior construction that the parties had purportedly agreed upon. See id. at 16. Because the Court believed at the time that its new claim construction would resolve the issue of summary judgment of noninfringement in TQP's favor, it denied the defendants' motion for summary judgment of noninfringement. The Court stated, however, that "[b]ecause the Court has modified the claim construction, the Court will allow the defendants to file a new motion for summary judgment if they believe that they are entitled to summary judgment under the Court's modified construction of the 'a new one of said key values' limitation." Id.

Less than two weeks later, the defendants filed a motion for reconsideration of the Court's denial of summary judgment (Dkt. No. 155), based on the Court's modified claim construction. After considering full briefing and oral argument on that motion, the Court granted the motion for reconsideration and issued an order granting summary judgment of noninfringement in the defendants' favor. See Dkt. No. 192.

TQP argues that defendants' motion for reconsideration (Dkt. No. 155) was not one of the dispositive summary judgment motions referred to in the settlement agreements. According

4

to TQP, the defendants' initial summary judgment motion (Dkt. No. 118) was the only such motion related to noninfringement. That motion, TQP argues, was denied. Because the other dispositive motions enumerated in the settlement agreements were denied, TQP asserts that all of the dispositive motions contemplated by the settlement agreements were denied and that it is therefore entitled to payment under the terms of those agreements. The defendants argue that when the Court granted their motion for reconsideration it effectively granted their initial motion for summary judgment. Therefore, according to the defendants, the settlement agreements require that the case be dismissed without any settlement payment to TQP. The Court agrees with the defendants.

## II. Discussion

### A. Jurisdiction

Even though neither party questions the Court's authority to enforce the settlement agreement, the Court nonetheless has considered that issue and is satisfied that it has jurisdiction to do so. It is well settled that "[a] District Court has the power to enforce summarily a settlement agreement reached in a case pending before it." Mid-South Towing Co. v. Har-Win, Inc., 733 F.2d 386, 389 (5th Cir. 1984); see Enriquez v. Estelle, 527 F. App'x 305, 307 (5th Cir. 2011); Bell v. Schexnayder, 36 F.3d 447, 449-50 (5th Cir. 1994); Cia Anon Venezolana De Navegacion v. Harris, 374 F.2d 33, 35 (5th Cir. 1967); see also Shoels v. Klebold, 375 F.3d 1054, 1060 (10th Cir. 2004); Bamerilease Capital Corp. v. Nearburg, 958 F.2d 150, 152 (6th Cir. 1992); Delgado v. UHS Lakeside, LLC, 2013 WL 4648294, at *5 (W.D. Tenn. Aug. 29, 2013). The Court therefore has the power to entertain the motions relating to the enforcement of the settlement agreements at issue in this case.

### B. The Settlement Agreements Require TQP to Seek a Stipulated Dismissal

TQP argues that the Court denied the defendants' initial motion for summary judgment of noninfringement (Dkt. No. 118).[2] According to TQP, the defendants' motion for reconsideration of that decision was not one of the motions contemplated by the settlement agreements. The effect of the Court's order granting the defendants' motion for reconsideration, however, was to grant their initial motion for summary judgment (Dkt. No. 118). The defendants' motion for reconsideration asked the court to reconsider its denial of defendant's initial motion. Moreover, although the Court stated in its supplemental claim construction order (Dkt. No. 152) that it was denying TQP's motion for summary judgment of noninfringement, the Court authorized the defendants to renew their request for summary judgment if they believed summary judgment was warranted under the Court's new construction of the "a new one of said key values" limitation. See Dkt. No. 145, at 6-7; Dkt. No. 152, at 16.

TQP argues that the defendants' motion for reconsideration was "not 'exactly the same'" motion as the defendants' initial motion for summary judgment. Therefore, TQP asserts, the defendants' motion for reconsideration cannot be considered to be one of the dispositive motions the parties chose to include in the settlement agreements. However, the reason that the defendants' motion for reconsideration was not exactly the same as their initial motion was because the Court modified the claim construction in a way that was beneficial to TQP. Thus, in

---

[2] TQP has requested that the Court not rule on the defendants' motion to dismiss until it acts on TQP's motion for reconsideration of summary judgment of noninfringement. The Court has denied TQP's motion for reconsideration in an order filed contemporaneously with this order.

granting reconsideration, the Court granted the motion for summary judgment, albeit on reconsideration and after having initially denied the motion.

The defendants' noninfringement theory in their initial summary judgment motion (Dkt. No. 118) was essentially the same as the theory in their motion for reconsideration. In both motions, the defendants relied on the fact that their accused systems buffer a number of encrypted blocks before transmitting those blocks onto the communication link. Based on that fact, both motions asserted that there could be no infringement because key value changes in the accused systems were tied to something other than the transmission of a predetermined number of blocks. See Dkt. No. 118, at 7 (initial motion); Dkt. No. 155, at 14 (motion for reconsideration). TQP argues that the defendants' motion for reconsideration was based on new facts in the form of new expert declarations. Those expert declarations, however, were necessary to address the Court's new claim construction. They did not enunciate a new factual theory of noninfringement.

Even though the settlement agreements did not contain specific provisions contemplating motions for reconsideration, the intent of the parties to the agreements is clear: The parties agreed that if the defendants obtained summary judgment of noninfringement based on their theory that the accused systems did not satisfy the "a new one of said key values limitation" due to the buffering of data blocks, TQP would dismiss the case without payment from the defendants. It would not be reasonable to find, as TQP suggests, that the parties intended that the defendants would pay money to TQP in the event that the defendants obtained a summary judgment of noninfringement, although by a procedural route more circuitous than was initially contemplated.

It is well settled that a district court with jurisdiction over a case has inherent authority to reconsider, rescind, or modify any interlocutory order entered in the case, such as an order denying summary judgment. Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990) ("[B]ecause the denial of a motion for summary judgment is an interlocutory order, the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."); Bon Air Hotel, Inc. v. Time, Inc., 426 F.2d 858, 862 (5th Cir. 1970) (because denial of summary judgment motion "was interlocutory, 'the court at any time before final decree [could] modify or rescind it.'"), quoting John Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 88 (1922); see Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. 1981); City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001); Fed R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment . . . ."). Reconsideration of an order filed in response to a motion is a permissible part of the process of deciding the motion; the final decision on the motion is the decision reached by the court after completing any revisions or alterations in the order, including those resulting from a motion for reconsideration.

This case would be the same if the Court had granted reconsideration of its denial of summary judgment either because the order was entered by mistake, or because it was based on a misunderstanding of some critical point in the record. If such a mistake had been made in this case, it is implausible to believe that the parties to the settlement agreements would have intended that the party in whose favor the error was made would be able to claim the right to the benefits of the initial order, rather than looking to the order that was entered after correction of

8

the error. This case stands no differently. In effect, the Court has vacated or rescinded the original denial of summary judgment of noninfringement and has replaced it with an order granting summary judgment. The Court construes the settlement agreements to treat that process as a grant of one of the enumerated motions for summary judgment.

TQP argues that the settlement agreements effectively excluded judgment based on a motion for reconsideration because the agreement with the Intuit defendants specifies that those defendants would pay TQP if the Court denied all enumerated summary judgment motions "with or without prejudice." See Dkt. No. 194-1, at 2. That phrase, however, does not apply to a motion for reconsideration, which is part of the original motion and not a separate proceeding. The motion for summary judgment was not ultimately denied at all, much less denied "with or without" prejudice. The inclusion of that language in the Intuit agreement is therefore of no help to TQP.[3]

TQP also argues that an interpretation of the settlement agreements that calls for dismissal of the case without a payment of money to TQP renders the enumeration of particular summary judgment motions in the settlement agreements "meaningless and mere surplusage." The specification of particular dispositive motions is not rendered meaningless, however, because it makes clear that other dispositive motions that the defendants might have filed could not benefit the defendants under the terms of the settlement agreements. TQP's argument overlooks the fact that the motion for reconsideration is part of the proceedings on the original, enumerated summary judgment motion.

---

[3] The phrase "with or without prejudice" does not appear in the Hertz settlement agreement, but since the phrase does not relate to a motion for reconsideration, that distinction makes no difference to the interpretation of the two agreements as applied here.

In sum, the parties agreed that this case would be dismissed in the event the Court granted the defendants' motion for summary judgment of noninfringement (Dkt. No. 118). The Court granted the defendants' motion for reconsideration of the Court's initial ruling on that motion and entered summary judgment of noninfringement on that motion. Accordingly, the defendants are entitled to the relief to which the parties agreed in the event the Court granted one of the enumerated summary judgment motions. Pursuant to the settlement agreements, the Court GRANTS the defendants' motions to enforce the settlement agreements and DENIES TQP's cross-motions. The Court will enter a separate order dismissing all claims and counterclaims in these cases and ordering that each party will bear its own costs, expenses, and attorney fees.

It is so ORDERED.

SIGNED this 23rd day of July, 2014.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE